**Ruby Lucille WEICHER, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

No. 16823.

Court of Civil Appeals of Texas.

Fort Worth.

April 28, 1967.

Rehearing Denied May 26, 1967.

Mullinax, Wells, Mauzy, Levy & Richards, and John E. Collins, Dallas, for appellant.

Stone, Tilley, Parker, Snakard, Law & Brown, and Gary Cole, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Workmen's compensation case. The incapacity for which claim for compensation benefits were prosecuted rested upon alleged "heat exhaustion".

At conclusion of claimant's evidence the trial court granted motion of the defendant insurance company to withdraw the case from the jury and render a "take nothing" judgment.

The only evidence in the record which purported to establish the fact that claimant actually sustained "heat exhaustion" was through notation of the treating physician on the face of the hospital records that such was his diagnosis. The hospital records were properly admitted under Vernon's Ann.Tex.Civ.St. Art. 3737e, "Memorandum or record of act, event or condition".

 The state of the record is such that for purposes of testing the sufficiency of the particular entry on the hospital records which were admitted—we are obliged to treat Dr. Beyer's diagnosis of "heat exhaustion" as competent evidence to prove

the fact. Travis Life Insurance Company v. Rodriguez, 326 S.W.2d 256 (Austin Civ. App., 1959, writ ref. n. r. e. w/opinion at 160 Tex. 182, 328 S.W.2d 434). Since the trial court granted the insurance company's motion on the theory that claimant had not proven a prima facie case, the insurance company was never put to the task of showing that upon demonstrable medical facts the aforesaid diagnosis was an opinion which would be the subject of genuine dispute between doctors. Had it become necessary the insurance company may have had available evidence which would have demonstrated such. But it did not become necessary. We repeat, therefore, our opinion that the diagnostic entry of Dr. Beyer on the hospital records operated as evidence sufficient to establish, prima facie, that the claimant was suffering from "heat exhaustion". Loper v. Andrews, 404 S.W. 2d 300 (Tex.Sup.1966). See also West, Opinion Entry Problems in Medical Records, 19 Baylor Law Review 122 (1967).

We are nevertheless of the opinion that the trial court correctly withdrew the case from the jury and rendered judgment for the insurance company. We believe it obvious from the record that claimant failed to show that she was subject to a greater hazard of heat exhaustion than the general public at the time and place where she allegedly experienced such. We furthermore believe that the record does not contain evidence of probative force and effect to establish that the disability claimed was the result of such heat exhaustion.

 Claimant testified that at the time and place of her heat exhaustion the "most strenuous thing she had to do was stand up". Therefore any physical exertion on the part of the claimant which could have played a part in her experience may be ruled out. Simplified, therefore, we may view the circumstances which claimant believes resulted in her heat exhaustion in the light of other members of the public exposed to the same condition at the same time and place. There were such, both in

the form of co-workers and customers. Ventilation was provided in the form of pedestal fans moving the air, admittedly the only form of air conditioning. The temperature was between 84 and 87 degrees Fahrenheit. Clearly claimant was not engaged in the performance of duties of her employment which subjected her to a greater hazard from the act of God responsible for her injury than applied to the public. In such circumstances her heat exhaustion may not be characterized as an "injury sustained in the course of employment" and therefore would not be compensable. See 62 Tex.Jur.2d p. 651, et seq., "Workmen's Compensation", IV, "Compensable Injuries", Sub. D, "Acts of God", Secs. 85, "In general", 86, "Sunstroke", and 87, "Heat exhaustion".

Relative to the matter of general disability, to which claimant was relegated under her pleadings, we of course would be obliged to look to the incapacity, if any, resultant after the first week following the date of injury. Claimant admitted the alleviation within three or four days of all symptoms with the exception of a swelling in her left arm. There was no evidence which showed any causal connection between the condition in the arm and heat exhaustion. There was no medical evidence. In other words the record contains no expert opinion serving to establish causal connection of heat exhaustion with claimant's general debility or arm condition. Under circumstances of the case the requisite proof should have been by expert testimony. Without such the jury or other trier of the facts would have neither the right nor duty to make a factual determination. In other words, failing the establishment of the fact by expert testimony a prima facie case in such respect is not proved. Scott v. Liberty Mut. Ins. Co., 204 S.W.2d 16 (Austin Civ.App., 1947, writ ref. n. r. e.) ; National Life and Accident Insurance Co. v. Shern, 389 S.W.2d 726 (Austin Civ.App., 1965, no writ hist.).

Judgment is affirmed.